UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RANDY L. WOULLARD,

    Plaintiff,

v.    Case No. 3:21-cv-302-BJD-MCR

LOVETT, DIRECTOR OF
MENTAL HEALTH,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, filed a declaration (Doc. 1; Dec.), an unsigned memorandum of law (Doc. 2; Memo), and a proposed order to show cause why a preliminary injunction or temporary restraining order should not be issued against Defendant Lovett (Doc. 2-1). Plaintiff complains that he is being forced to complete a "step down" program, and Defendant Lovett, the director of mental health, was deliberately indifferent to his threats of suicide. See Dec. at 1; Memo at 1. Plaintiff contends he spoke with Defendant Lovett twice on March 11, 2021, once before he threatened to kill himself, and once after he was treated by the nurse for having cut himself with a sharp object. See Dec. at 1-2. According to Plaintiff, when Plaintiff threatened suicide, Defendant Lovett told him, "I don't care

what you do"; "good luck"; "you can kill yourself because you [sic] going to complete the program"; and "help yourself." Id. Plaintiff contends he "remains suicidal and currently is on a hunger strike." Id. at 2.¹

It is unclear what relief Plaintiff seeks. In his memorandum, he identifies the elements a movant must satisfy to receive injunctive relief, and he contends he will suffer "immediate or irreparable injury/harm without intervention of the Court." See Memo at 1, 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

---

¹ In light of his assertions, the Clerk of Court sent a copy of Plaintiff's declaration and other filings, along with the Amended Standing Order (Doc. 3) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm, to the Inspector General and to the Warden of New River Correctional Institution. This is not the first time Plaintiff has notified the Court that he fears for his life for being forced to complete the step down program. See Dismissal Order, Case No. 3:21-cv-213-BJD-JRK (listing other cases).

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In the context of prison litigation, under the dictates of the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to correct the harm . . . and be the least intrusive means necessary to correct the harm." See 18 U.S.C. § 3626(a)(2). See also Thomas v. Bryant, 614 F.3d 1288, 1318 (11th Cir. 2010).

Plaintiff does not carry his burden to demonstrate injunctive relief is warranted. Importantly, Plaintiff does not include a "precise and verified description of the conduct and the persons subject to restraint." See M.D. Fla. R. 6.01(a), 6.02(a)(1). Additionally, to the extent Plaintiff asks the Court to require prison officials to remove him from the step down program, the relief he seeks relates solely to matters of prison administration, an area in which courts are reluctant to interfere. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

Plaintiff also fails to demonstrate a likelihood of success on the merits of what appears to be a deliberate indifference claim against Defendant Lovett. Plaintiff offers only his own self-serving allegations and does not support his

motion with affidavits or a verified complaint. Even if Plaintiff had submitted a complaint asserting a colorable claim against Defendant Lovett, he must do more than that to demonstrate entitlement to injunctive relief. See <u>S. Wine & Spirits of Am., Inc. v. Simpkins</u>, No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced.").

Finally, Plaintiff opted to pursue judicial intervention before exhausting his administrative remedies through the prison grievance process, which is relevant to the Court's consideration. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

For the foregoing reasons, this case will be dismissed without prejudice to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one. As Plaintiff has been advised, the Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for injunctive relief (Doc. 2) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

4. The **Clerk** shall send Plaintiff a civil rights complaint form and an Affidavit of Indigency form. If Plaintiff chooses to initiate a civil rights action, he may complete and submit the appropriate forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In initiating such a case, Plaintiff should either file a fully completed Affidavit of Indigency (if he desires to proceed as a pauper) or pay the proper filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of March 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6 3/18
c:   Randy L. Woullard, #618997